```
         IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

SANDERS HYLAND CORP.,            :

       Plaintiff,         :

v.                               :  CIVIL ACTION 08-0723-CG-M

AMERISURE INSURANCE CO., et al. :

       Defendants.        :

## REPORT AND RECOMMENDATION

This diversity action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and is before the Court on the Motion to Dismiss of Defendant, Amerisure Insurance Company ("Amerisure").  (Doc. 21). After consideration of the pleadings, and for the reasons set forth below, it is recommended that Defendant's Motion to Dismiss be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2008, Plaintiff, Sanders Hyland Corporation ("Sanders Hyland"), filed this action pursuant to 28 U.S.C. § 1332 against Defendants, Amerisure Insurance Company ("Amerisure") and Michigan Mutual Insurance Company ("Michigan Mutual"), seeking compensatory and punitive damages for breach of contract and bad faith related to five Commercial General Liability insurance policies issued by Amerisure and Michigan Mutual to Sanders Hyland.  (Doc. 1 at 2-3).  Sanders Hyland alleges that it was the tile sub-contractor to W.G. Yates & Sons

Construction Company ("Yates") on the construction of condominiums at the Beach Club Condominiums located in Baldwin County, Alabama, and that the insurance policies at issue covered the work that it performed on that project. (Doc. 1 at 3-4).

According to Plaintiff, on or about May 23, 2003, Yates served Sanders Hyland with a demand for binding arbitration claiming damages sustained as a result of alleged construction defects related to the tile work that Sanders Hyland performed on the condominium project ("the Yates claim"). (Id. at 3). Yates subsequently filed a petition in the United States District Court for the Middle District of Alabama to compel Sanders Hyland to arbitrate the Yates claim, which the court granted on April 7, 2008. (Id.).

On February 6, 2009, Defendant Amerisure filed a Motion to Dismiss Plaintiff's bad faith claims in this action (Plaintiff's second and third causes of action), under Federal Rule of Civil Procedure 12(b)(6), on the ground that the claims are barred by the applicable two-year statute of limitations. (Doc. 21 at 3). Defendant's Motion to Dismiss and Plaintiff's opposition thereto are now before the Court.

## II. DISCUSSION

The controlling legal standard to be applied by federal courts when ruling on a Rule 12(b)(6) motion to dismiss is well established. "Dismissal under Federal Rule of Civil Procedure

12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (citations and internal quotation marks omitted); accord Brotherhood of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc., 522 F.3d 1190, 1194 (11th Cir. 2008). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Tello, 410 F.3d at 1288 n.12 (quoting Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000)(internal quotation marks omitted)).

The Alabama Supreme Court has summarized the law concerning the statute of limitations of a bad faith claim as follows:

> "Bad faith is an intentional tort, Shelter Mutual Insurance Co. v. Barton, 822 So. 2d 1149, 1154 (Ala. 2001), and a species of fraud. Dumas v. Southern Guaranty Ins. Co., 408 So. 2d 86, 89 (Ala. 1981).
>
> "'The cause of action for bad faith refusal to honor insurance benefits <u>accrues upon the event of the bad faith refusal, or upon the knowledge of facts which would reasonably lead the insured to a discovery of the bad faith refusal</u>. The accrual of the tort of bad faith is a question of fact to be determined by the circumstances of each case.'
>
> "Safeco Ins. Co. of America v. Sims, 435 So. 2d 1219, 1222 (Ala. 1983) (citation omitted).

> 'The statute of limitations for bad faith claims arising on or after January 9, 1985, is for two years.' ALFA Mut. Ins. Co. v. Smith, 540 So.2d 691, 692 (Ala. 1988) (citations omitted)."
>
> 875 So.2d at 1193. Further, in regard to a statute of limitations, the Court has held:
>
>> "When a claim accrues, for statute-of-limitations purposes, is a question of law if the facts are undisputed and the evidence warrants but one conclusion. . . . However, when a disputed issue of fact is raised, the determination of the date of accrual of a cause of action for statute-of-limitations purposes is a question of fact to be submitted to and decided by a jury. Id."
>
> Kindred v. Burlington Northern R.R., 742 So. 2d 155, 157 (Ala. 1999).

Jones v. Alfa Mut. Ins. Co., 1 So. 3d 23, 30 (Ala. 2008) (emphasis added) (citations omitted).

As discussed above, when considering a motion to dismiss, the Court accepts as true the facts set forth in Plaintiff's Complaint and limits its consideration to the pleadings and attached exhibits. Tello, 410 F.3d at 1288 n.12. While the parties in this action agree that the statute of limitations for a bad faith claim in Alabama is two years, the pleadings yield no clue as to the accrual date from which the two-year statutory period is to be calculated. Indeed, far from being "apparent from the face of the complaint," Tello, 410 F.3d at 1288, it is

4

completely indeterminable from the pleadings when the alleged "event of the bad faith refusal" occurred, or when Plaintiff had "knowledge of facts which would reasonably lead [it] to a discovery of the bad faith refusal." Jones, 1 So. 3d at 30.

Because the date of accrual of Plaintiff's bad faith cause of action cannot be determined from the pleadings, a dismissal on statute of limitations grounds would be inappropriate at this stage of the litigation.  Accordingly, Defendant Amerisure's Motion to Dismiss Plaintiff's bad faith claims on the basis of the expiration of the applicable two-year statute of limitations is due to be denied.

## CONCLUSION

Based on the foregoing, it is recommended that the Motion to Dismiss of Defendant Amerisure Insurance Company be denied.  In addition, it is recommended that Sanders Hyland's pending motion to strike (Doc. 34) and pending motion to amend the Complaint to correct any pleading deficits (Doc. 28) be denied as moot.[1]

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or

---

[1] The Clerk is instructed that any rulings made herein related to pending motions should be delayed until final disposition of this Report and Recommendation by the district court.

anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 13th day of May, 2009.

                                                      s/BERT W. MILLING, JR.
                                                     UNITED STATES MAGISTRATE JUDGE